NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1829
_____

YVETTE M. TILLMAN HENLEY,
Appellant

v.

BRANDYWINE HOSPITAL, LLC; LISA MACMULLEN, Individually

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-18-cv-04520
Chief District Judge:  The Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit L.A.R. 34.1 (a)
June 16, 2022

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*

(Filed: July 6, 2022)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

Yvette M. Tillman Henley, an African-American, filed this civil action against both her employer, Brandywine Hospital, and her supervisor, Lisa MacMullen. She alleged, *inter alia*, that Brandywine Hospital and MacMullen subjected her to a racially hostile environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act (PHRA), and that they interfered with her rights under the Family and Medical Leave Act (FMLA). The District Court denied Brandywine Hospital's initial motion to dismiss the hostile environment and FMLA claims. After discovery closed, Brandywine Hospital successfully moved for summary judgment.[1] This timely appeal followed.[2] We will affirm the judgment of the District Court.

Henley began her employment as an emergency room registrar in 2011, working the 3:00 to 11:30 PM shift. Because of diabetes mellitus and hypokalemia she required bathroom breaks to check her blood pressure and sugar as needed. Some co-workers and managers complained about these breaks. In turn, Henley complained to her immediate supervisor, Christal Nowlin, an African-American woman, about comments some co-

---

[1] The District Court granted summary judgment on the basis that Brandywine Hospital, which became the owner and operator of the facility on October 1, 2017, had "no successor liability" for Henley's claims. A2. In the alternative, the District Court addressed the merits of Henley's claims. We address the merits because it is not clear to us, given the nature of this acquisition and the lack of information about the transfer in the record, whether successor liability should attach. *See Rego v. ARC Water Treatment Co. of Pa.*, 181 F.3d 396, 401–02 (3d Cir. 1999).

[2] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have final order jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. *E.E.O.C. v. GEO Grp., Inc.*, 616 F.3d 265, 270 (3d Cir. 2010).

workers were making about her frequent bathroom breaks. On at least one occasion, "HR intervention" was deemed necessary. A433. According to Henley, co-workers complained that she spoke too much with Nowlin. And Henley asserted that two of her co-workers disparaged African-American patients and often asked her to handle those patients rather than do so themselves. One of these co-workers made an inappropriate racially-charged remark about sex and Henley's husband. Nowlin overheard that remark, immediately called that co-worker into her office, and admonished the co-worker that the remark was unacceptable. The co-worker apologized to Henley.

The District Court granted Brandywine Hospital's motion for summary judgment. The Court determined that "Henley's hostile work environment claims fail because there is insufficient evidence to find any discrimination that she faced was severe or pervasive." A13. We agree. Henley objected to her work environment, but her written statements referenced inter-personal conflicts and were devoid of any reference to racially objectionable conduct. The evidence that related to race revealed sporadic complaints that we conclude were neither severe nor pervasive enough to alter the terms and conditions of her employment. *See Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017). Accordingly, we conclude that the District Court did not err by granting summary judgment to Brandywine Hospital on Henley's racially hostile environment claims.[3]

---

[3] It follows from this conclusion that the District Court did not err in deciding that Henley's claim under the PHRA, 43 Pa. Stat. § 955(e), against MacMullen for aiding and abetting the racially hostile environment also failed. *See Dici v. Pennsylvania*, 91 F.3d 542, 553 (3d Cir. 1996).

Henley also challenges the District Court's grant of summary judgment in favor of Brandywine Hospital on her FMLA claim. The District Court concluded that she was unable to "establish prejudice because there [was] no evidence that the actions of Brandywine Hospital, Goble, [the human resources director,] MacMullen or anyone else 'rendered [her] unable to exercise [her FMLA rights] in a meaningful way.'" A18 (citation omitted).

On appeal, Henley seeks to salvage her FMLA claim by asserting in a single page of argument—and citing only the District Court's earlier denial of Brandywine Hospital's 12(b)(6) motion—that she established an FMLA interference claim based on actions taken by co-workers and supervisors discouraging her use of FMLA intermittent time. *See Fraternal Order of Police v. City of Camden*, 842 F.3d 231, 245 (3d Cir. 2016) (acknowledging FMLA claim based on discouraging an employee from exercising his FMLA rights (citing 29 C.F.R. § 825.220(b))). This mere, "passing reference" to an FMLA claim, however, constitutes the abandonment of it. *See Laborers' Int'l Union v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (internal citation omitted).

Even if it was not abandoned, we note that Henley fails to recognize that this appeal concerns the District Court's adjudication of a summary judgment motion which required her to adduce proof of every element of her claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002), the Supreme Court instructed that an employee who asserts an FMLA interference claim under 29 U.S.C. § 2617 is not entitled to any "relief unless the employee has been prejudiced by the violation." Here, Henley has failed to adduce

4

evidence of lost compensation or benefits, or any actual monetary losses.  Nor has she established a basis for equitable relief such as reinstatement, promotion, or backpay.  *See* 29 U.S.C. § 2617(a)(1)(B).  And she has failed to provide authority that would entitle her to relief on any other basis.  *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1008 (6th Cir. 2005) (holding, after citing cases from five of its sister courts of appeals, that "damages for emotional distress are not allowed under the FMLA").  Accordingly, in the absence of evidence that Henley sustained any compensable damages, we conclude that the District Court did not err in granting summary judgment on her FMLA claim.

We will affirm the judgment of the District Court.